## GARAGE (PARKING) LEASE AGREEMENT

THIS LEASE AGREEMENT ("Lease") is dated this 17th day of August, 2022 ("Effective Date") be-tween Joel Labute, hereinafter called the ("Landlord"), and STAR COACH RACE TOURS, LLC, hereinaf-ter called the ("Tenant"). The Parties agree as follows:

  1. **Garage/Parking Area Description**. Landlord hereby leases the garage space and storage for the "An-nual Lease Vehicles", as referenced in that LEASE AGREEMENT between JAL AND JLL LLC, of even date herewith and the additional parking area behind such garage ("Leased Areas") located at 4010 Albritton Rd, St. Cloud, FL 34772 (the "Leased Areas") to Tenant and grants Tenant the right to access such Premise for the purposes set forth above.

**2. Rent**. Tenant agrees to pay to Landlord as rent for the Leased Areas the amount of $5,000.00 ("Rent") each month in advance on the first day of each month at Landlord's address of: 4010 Albritton Rd, St. Cloud, FL 34772or any other address designated by Landlord. If the Lease Term does not start on the first day of the month or end on the last day of a month, the rent will be prorated accordingly. If any amount under Lease is more than ten days late, Tenant agrees to pay a late fee of $150.00.

**3. Period of Lease**. The lease will start on the Effective Date and will end on the date two (2) years thereafter (Lease Term).

**4. Defaults**. If Tenant fails to perform or fulfill any obligation under this Lease, Tenant shall be in default of this Lease. Subject to any statute, ordinance or law to the contrary, Tenant shall have seven (7) days from the date of notice of default by Landlord to cure the default. In the event Tenant does not cure a default, Landlord may at Landlord's option (a) cure such default and the cost of such action may be added to Tenant's financial obligations under this lease; or (b) declare Tenant in default of the Lease. In the event of default, Landlord may also, as permitted by law, re-enter the Leased Areas and re-take possession of the Leased Areas. The failure of Tenants or their guests or invitees to comply with any term of this Lease is grounds for termination of the tenancy, with appropriate notice to Tenants and procedures as required by law.

**5. Possession & Surrender of Leased Areas**. Tenant shall be entitled to possession of the Leased Areas on the first day of the Lease Term. At the expiration of the Lease, Tenant shall peaceably surrender the Leased Areas to Landlord or Landlord's agent in good condition, as it was at the commencement of the Lease, rea-sonable wear and tear expected.

**6. Use of Leased Areas**. Tenant shall only use the Leased Areas exclusively for the parking and storing of the buses and other related equipment

**7. Assignment & Sublease**. Tenant shall not assign or sublease any interest in this Lease without prior written consent of the Landlord.

**8. Alterations & Improvements**. Tenant agrees not to make any improvements or alterations to the Leased Areas.

**9. Security & Responsibility for Loss.** Tenant understands that Landlord does not provide any security alarm system or other security for the Leased Areas. Tenant's vehicle or other possessions will occupy the parking space entirely at the risk of the Tenant. Tenant releases Landlord from any loss, damage, claim or injury resulting from any casualty.

**10. Indemnification.** Tenant hereby releases, and will indemnify, defend and hold Landlord harmless, from all claims for death or injury to Tenant, Tenant's employees, drivers, passengers or agents, or for damage to their Leased Areas or the Premise.

**11. Common Areas.** The Landlord shall at all times have exclusive management and control of the areas other than the Leased Areas ("Common Areas") for any purpose or in any manner that it deems necessary or appropriate. The Landlord reserves the right to remove, relocate or otherwise change or carry out any alteration or addition or other works to the Common Areas. The Landlord shall not be liable to Tenant for any damage incidental to the exercise of its rights under this section, provided that such damage is not accompanied by any fault, negligence or bad faith on the part of the Landlord or his agents. The Tenant shall abide by the Landlord's rules and management of the Common Areas.

**12. Compliance With Law.** The Tenant undertakes to comply with and abide by, at its sole expense, any and all Federal or Florida state laws, municipal or county ordinances, rules, regulations, codes and all other issuances from authorized government authorities respecting the Leased Areas and the Tenant's occupation and use thereof, including but not limited to obtaining all pertinent licenses and permits and maintaining copies thereof in the Leased Areas.

**13. Obligations Of The Tenant:**
   A. The Tenant shall keep the Leased Areas in a clean, sanitary, neat and presentable condition.
   B. The Tenant shall be responsible for the repairs, outside of ordinary wear and tear, of any part of the Leased Areas that do not affect the structural parts of the building or structure in which it is located or those that are generally considered as minor repair ("Minor Repairs") including but not limited to replacing light bulbs, cleaning or repairs of windows, doors, toilets and similar appurtenances.
   C. The Tenant shall, at its sole expense restore, repair and/or rectify any damage, outside of ordinary wear and tear, to the Leased Areas caused by the Tenant or others that the Tenant permits into the Leased Areas that are not covered or compensable by any insurance.

**14. Damage To Leased Areas**. If the event that the Leased Areas and/or the structure or building in which it is located is damaged or destroyed by fire or other casualty without the fault or negligence of the Tenant or his agents, the Landlord shall, at its own expense, repair the damaged portion, the Leased Areas, structure and/or building to restore the same to substantially the condition in which it was handed over to Tenant. The rent shall be abated until such repairs are completed. In the event such repair cannot be accomplished or of total destruction the Lease shall cease and terminate with no early termination or other liability accruing to either of the Parties.

**15. Surrender Of Leased Areas.** On or before 11:59 P.M. on the last day of the Lease Term, the Tenant shall deliver up vacant possession of the Leased Areas to Landlord more or less in the condition it was delivered to the Tenant, save ordinary wear and tear, and the Parties shall carry out the inspection of the Leased Areas and shall sign a handover form jointly prepared and signed by Parties to confirm the condition and handover of the Leased Areas. The Tenant shall also return all keys and other devices giving access to any part of the Leased Areas and the building or structure in which it is located. Failure of the Tenant to return the Leased Areas to Landlord in accordance with the above, shall entitle the Landlord to enter the Leased Areas and carry out appropriate repair to the Leased Areas and removal of any property of Tenant and any cost so incurred shall be borne by Tenant. All property left in the Leased Areas by Tenant shall be deemed to have been abandoned by Tenant and Landlord shall be entitled to dispose of the same as Landlord deems appropriate.

**16. Severability**. If any part or parts of this Lease shall be held unenforceable for any reason, the remainder of this Lease shall continue in full force and effect. If any provision of this Lease is deemed invalid or

unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be construed as so limited.

**17. Binding Effect**. The covenants and conditions contained in the Lease shall apply to and bind the parties and the heirs, legal representatives, successors and permitted assignees of the parties.

**18. Governing Law**. This Lease shall be governed by and construed in accordance with the laws of the State of Florida.

**19. Entire Agreement**. This Lease constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Lease. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Lease. This Lease may be modified in writing and must be signed by both Landlord and Tenant.

**20. Notice**. Any notice required or otherwise given pursuant to this Lease shall be in writing and mailed certified return receipt requested, postage prepaid, or delivered by overnight delivery service to the following addresses:

| If to Tenant: | If to Landlord: |
| --- | --- |
| Kenneth Krupp | Joel Labute |
| 39W705 Carney Ln | 4010 Albritton toad |
| Geneva, IL 60134 | St. Cloud Fl 34772 |

**21. Cumulative Rights**. Landlord's and Tenant's rights under this Lease are cumulative and shall not be construed as exclusive of each other unless otherwise required by law.

**22. Waiver:** The failure of either party to enforce any provisions of this Lease shall not be deemed a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Lease. The acceptance of rent by Landlord does not waive Landlord's right to enforce any provisions of this Lease.

IN WITNESS WHEREOF, the parties have caused this Lease to be executed the day and year first above written.

STAR COACH RACE TOURS, LLC **("TENANT")**   Joel Labute **("Landlord")**

By: *Ken Krupp* (DocuSigned, 34A4BB3719F1426...)   By: *Joel Labute* (DocuSigned, BEFF91B29F794D6...)

Name: Ken Krupp                                    Name: Joel Labute

Title: Manager                                     Title: Manager